UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :   3:09-cr-49 (WWE) |
| | : |
| RUDYARD CARDONA, | : |

### RULING ON DEFENDANT'S MOTION
### FOR ADDITIONAL JUDICIAL RECOMMENDATION

Now pending before the Court is defendant's motion (Doc. #401) requesting that the Court include in its judgment in defendant's criminal case an express recommendation for defendant's placement in a Residential Reentry Center, or a halfway house, for the final six months of his term of imprisonment.

On April 2, 2009, defendant Rudyard Cardona pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin, 21 U.S.C. § 841(a)(1). On September 25, the Court sentenced defendant to a term of imprisonment of one year and one day. Judgment was entered in defendant's case on September 29. On September 30, defendant filed the instant motion requesting that the Court amend the judgment so as to recommend that defendant be placed in a halfway house for the final six months of his imprisonment. The United States has taken no position on this motion.

Unfortunately for defendant, there is no mechanism by which the Court can amend a criminal judgment absent some clerical error or technical error. Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other

1

clear error." Fed. R. Crim. P. 35(a).  The Court does not read this rule as allowing it to amend the judgment to reopen issues previously resolved at the sentencing hearing. See United States v. Kieffer, 257 Fed. Appx. 378, 379 (2d Cir. 2007).  Instead, it should apply only to correct obvious errors or mistakes that would result in the appellate court remanding the case to the trial court for further action.  See United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995).  Defendant's situation does not fit this description.

Similarly, Federal Rule of Criminal Procedure 36, which provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission," does not permit this Court to amend the judgment absent some clerical error in sentencing.  See United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997).  There was no clerical error here.

One court that previously faced this dilemma solved it in an alternative fashion. And that court's path will guide this one.  Instead of amending the judgment to include the requested recommendation that the Court believes would be appropriate and helpful to defendant, the Court will instead make the recommendation explicit in this ruling.  See United States v. Palacios, 2007 U.S. Dist. LEXIS 65644 (S.D. Cal. July 14, 2007).

Therefore, for the foregoing reasons, the Court RECOMMENDS that the Bureau of Prisons place defendant Cardona in a Residential Reentry Center, or a halfway house, during the last six months of his sentence. The Bureau of Prisons SHALL CONSIDER this Court's recommendation, pursuant to 18 U.S.C. § 3621(b)(4)(B). This conclusion serves as a partial grant of defendant's motion.

Dated at Bridgeport, Connecticut, this 5th day of October, 2009.

                /s/
      Warren W. Eginton
      Senior United States District Judge